# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDA DEAS, | : | CIVIL NO. 1:CV-10-2095 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| H. L. HUFFORD, | : | |
|     Respondent | : | |

## **M E M O R A N D U M**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Vida Deas, an inmate confined at Federal Correctional Institution at Schuylkill, Pennsylvania. (Doc. No. 1.) In the petition he challenges his unconstitutional federal conviction. He has paid the requisite filing fee. (Doc. No. 3.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.[1]

## I.  **Background**[2]

On April 10, 2007, Petitioner was named in several counts of a multiple count indictment on federal drug charges in the United States District Court for the District of Connecticut. On April 24, 2009, following a trial, Petitioner was convicted on Count One, Conspiracy to Possess with Intent to Distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and Counts 3 and 4, Possession with Intent to Distribute cocaine base, in violation of §§ 841

---

[1] Also pending is a motion filed by Petitioner for class certification and a motion for enlargement of time within which to file a brief in support of said motion. (Doc. Nos. 4, 5.) Due to the Court's lack of jurisdiction in this matter, these motions will be dismissed as moot.

[2] The background has been extracted from both the petition for writ of habeas corpus and Deas' criminal action docket sheet, which the Court obtained from the PACER Service Center. See http://pacer.psc.uscourts.gov.

(a)(1) and (b)(1)(c). On December 16, 2009, he received a 240 month sentence as to each count to be served concurrently, ten years of supervised release and a special assessment fee in the amount of $300.00. The judgment was entered on December 23, 2009. According to the criminal docket sheet, a Notice of Appeal was thereafter filed with the Second Circuit Court of Appeals on December 28, 2009. Other than the filing of a motion to withdraw as attorney on behalf of Petitioner, a motion for release pending appeal, and a motion for copies of the docket sheet, there has been no activity on the district court docket since the filing of Petitioner's appeal. See electronic docket sheet, United States v. Turner, et al., #3:07-cr-0073-CFD-2. The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on October 12, 2010. In the petition Deas challenges to his federal conviction and sentence.

## II.     Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251.

2

Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the case *sub judice*, Deas has not pursued relief via 28 U.S.C. § 2255. As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251-52. Clearly he is unable to establish inadequacy or ineffectiveness as he has not yet completed the collateral remedy process. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the Court will dismiss this § 2241 petition for lack of jurisdiction. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| VIDA DEAS, | : | CIVIL NO. 1:CV-10-2095 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| H. L. HUFFORD, | : | |
| Respondent | : | |

# ORDER

**AND NOW,** this 10th day of November, 2010, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **dismissed for lack of jurisdiction**.

2. Petitioner's Motion to Certify Class Action (Doc. No. 4) and Motion for Extension of Time to File a Brief in Support of Motion to Certify Class Action (Doc. No. 5) are **dismissed as moot**.

3. The Clerk of Court is directed to **close** this case.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania