IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDA DEAS, | : | CIVIL NO. 1:CV-10-2095 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| H. L. HUFFORD, | : | |
|     Respondent | : | |

**M E M O R A N D U M**

    Vida Deas, an inmate currently confined at the Low Security Correctional Institution at Allenwood, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition Deas challenges his 2009 federal conviction on drug charges. On November 10, 2010, the Court dismissed the petition for lack of jurisdiction and directed the Clerk of Court to close this case. (Doc. No. 6.) Presently pending is Deas' motion seeking reconsideration of the Court's decision. (Doc. No. 9.) For the reasons that follow, the motion will be denied.

**I.    Background**

    On April 24, 2009, following a trial, Petitioner was convicted on charges of Conspiracy to Possess with Intent to Distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and Possession with Intent to Distribute cocaine base, in violation of §§ 841 (a)(1) and (b)(1)(c). On December 16, 2009, he received a 240 month sentence as to each count, to be served concurrently, 10 years of supervised release and a special assessment fee in the amount of $300.00. The judgment was entered on December 23, 2009. According to the criminal docket sheet, a Notice of Appeal was thereafter filed with the Second Circuit Court of Appeals on December 28, 2009. Other than the filing of a motion to withdraw as attorney on behalf of

Petitioner, a motion for release pending appeal, and a motion for copies of the docket sheet, there had been no activity on the district court docket since the filing of Petitioner's appeal.  See electronic docket sheet, United States v. Turner, et al., #3:07-cr-0073-CFD-2.  The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on October 12, 2010.  In the petition Deas raises challenges to his federal conviction and sentence.

On November 10, 2010, the Court dismissed the instant petition on the basis of lack of jurisdiction.  Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition

must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Deas had not pursued relief via 28 U.S.C. § 2255. Pursuant to the authority above, the Court found that he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251-52. Clearly he was unable to establish inadequacy or ineffectiveness as he has not yet completed the collateral remedy process. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the Court dismissed his § 2241 petition for lack of jurisdiction. He has since filed a motion seeking reconsideration of this Court's November 10, 2010 decision. (Doc. No. 9.)

**II.  Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues

presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant case, Deas fails to demonstrate any of the applicable grounds for reconsideration.  In his motion and brief he has not set forth an intervening change in law, presented new evidence, or argued the existence of a clear error of law or fact.  Rather, he reasserts arguments previously considered and rejected by the Court.  Because he advances no proper grounds for altering the Memorandum and Order of November 10, 2010, his motion will be denied.[1]  An appropriate order follows.

---

[1] The Court further notes that since the filing of the motion for reconsideration, Deas' "significant other" and his daughter filed a petition for writ of habeas corpus on his behalf pursuant to 28 U.S.C. § 2241 in this Court.  See Cooke, et al. v. Scism, No. 1:CV-11-0806.  In the petition, they raise challenges to Deas' federal conviction and sentence.  On June 7, 2011, said petition was also dismissed on the basis of lack of jurisdiction.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VIDA DEAS,** | : | **CIVIL NO. 1:CV-10-2095** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **H. L. HUFFORD,** | : | |
| **Respondent** | : | |

# ORDER

**AND NOW,** this 19th day of July, 2011, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. No. 9) is **denied**.

                                                S/ Yvette Kane
                                                YVETTE KANE, Chief Judge
                                                Middle District of Pennsylvania